FORD *v.* SCRUGGS.

*Atkinson, J.*—No error of law was committed upon the trial;
and all questions, both of law and fact, having been submitted
to the judge, without the intervention of a jury, and his find-
ing being supported by the evidence, there is no reason which
will justify setting aside the judgment rendered by him.

July 15, 1895.  By two Justices.          *Judgment affirmed.*

Complaint on note. Before Judge Jones. City court
of DeKalb county. September term, 1894.

On December 12, 1893, Scruggs brought suit on a note
signed by Holmes, Rawlins and Ford, dated December 7,
1880, due November 1, 1881, for $100 principal, with in-
terest at eight per cent. from maturity, containing a waiver
of homestead. The return of the sheriff showed that
Holmes and Rawlins were not to be found in the county.
Ford pleaded, that he was only security on the note; that
without his knowledge or consent, plaintiff had contracted
for and received from Holmes, the principal, more than
lawful interest, to wit twenty per cent. per annum; that
plaintiff had failed to notify defendant that the note was
unpaid until about May or June, 1893; that defendant
notified plaintiff immediately to make his money out of
Holmes, and notified him as many as four times from then
up to November, 1893, the last time pointing out cotton,
horses, mules, cows and hogs belonging to Holmes, telling

plaintiff that Holmes was preparing to move to Florida; that plaintiff promised to make his money out of Holmes, but failed and refused to make any effort to collect it, although he stated to defendant that he knew Holmes was going to move to · Florida; for which reasons defendant pleads release. Further, that he notified plaintiff that Holmes had cotton in his yard sufficient to satisfy the debt, and plaintiff promised that he would proceed at once to make his money out of Holmes, relying upon which promise defendant gave the matter no further attention; and that by reason of these promises, he never proceeded to protect himself as he would otherwise have done, and has been damaged to the extent of said indebtedness.

Defendant moved to dismiss the case because no cause of action was set out in the declaration, the note being barred by the statute of limitations, as appeared by the copy declared on; also, for want of service on Holmes and Rawlins. The motion was overruled, and the case directed to proceed against Ford alone.

Plaintiff offered in evidence the original note, to which defendant objected on the grounds: 1st, that the note offered did not correspond with the copy in the declaration, the copy having no (L. S.) after either of the signers' names, and showing no credit; while the note offered in evidence showed an (L. S.) after each signer's name and bore two credits: one for interest to November 1, 1883; the other for interest to November 1, 1884. 2d, that plaintiff had not proved the execution of the note by the subscribing witness, nor accounted for his absence. (The note, both original and copy declared on, contained the words, "Witness my hand and seal.") Plaintiff amended the declaration by setting forth a true copy of the note as offered in evidence (except the credits), which amendment was objected to; but the court allowed it, and overruled the objection to the evidence offered.

Ford testified: I signed a note with Holmes and Rawlins

for $100, about the time the note sued on bears date, but only as security; knew nothing of the contract except as shown by the note. Plaintiff knew I was security when I signed it. Holmes was principal. I received none of the money borrowed, or any benefit from it. I had no notice that the note was not paid at maturity until about May or June, 1893; went to plaintiff at once on notice that the note was still unpaid, and notified him to make his money out of Holmes; went to see plaintiff three or four times; the last time I went to plaintiff's house in September or October, 1893, and told him that Holmes had eight bales of cotton in his yard, had horses, mules, cows, and hogs, and was arranging to move to Florida. Plaintiff said he knew Holmes was speaking of going to Florida, and that he would make his money out of him. I left believing he would make Holmes pay the debt as he promised. I would have made an effort to secure myself and collect the same out of Holmes before he moved to Florida, but for my reliance on plaintiff's promise that he would attend to it; but plaintiff took no steps to make the same. Nothing was said, at the time of signing the note, about who was security or principal; but I know that plaintiff knew I was security, and required my signature before he would let Holmes have the money. The notices I gave plaintiff to make his money on the note, and the promises he made to me, were both verbal.

Plaintiff testified: The reason I did not bring suit sooner was, that the note with interest was more than $100, and I could not sue in justice's court. I brought suit at the first chance after Ford came and told me to sue. It is true he came to me in the fall of 1893, and told me to make my money out of Holmes, that Holmes had cotton, etc., and I told Ford I was doing all I could, and would try to get the money. I considered all of the parties equally liable on the note. In addition to this note, I took, at the time I let Holmes have the $100, a note for $12 for the first year's

interest, which Holmes paid several years ago, and also paid the interest as entered on the original note up to November 1, 1884, at eight per cent. I have not collected but eight per cent. since the first year.

The case having been submitted to the judge without a jury, he rendered judgment for plaintiff against defendant Ford for $100 principal, and $89.18 interest to September 25, 1894. To this judgment, and to each of the rulings before stated, defendant excepted.

*Speairs & Smith*, for plaintiff in error.
*W. M. Morrison*, contra.